### UNITED STATES v. DIMMICK.

(District Court, N. D. California. November 22, 1901.)

#### No. 3,926.

EMBEZZLEMENT—PUBLIC MONEYS—CONSTRUCTION OF FEDERAL STATUTE.

To constitute an offense under Rev. St. § 5492, which provides that "every person who, having moneys of the United States in his hands or possession, fails to make deposit of the same * * * when required to do so by the secretary of the treasury or the head of any other proper department, * * * shall be deemed guilty of embezzlement thereof," it is not necessary that a person having such moneys in his possession should have been "required" to deposit the same by a specific order directed to him, which he failed to obey, but such requirement may be made by a general rule or regulation of the treasury department requiring such moneys to be deposited at stated times, and a willful failure to comply with such rule is within the statute.

Criminal Prosecution. On motion for new trial.

Denson & Schlesinger, for the United States.
George D. Collins, for defendant.

DE HAVEN, District Judge. The defendant was indicted for the violation of section 5492 of the Revised Statutes, and convicted. The section is as follows:

"Every person who, having moneys of the United States in his hands or possession, fails to make deposit of the same with the treasurer, or some assistant treasurer, or some public depository of the United States, when required so to do by the secretary of the treasury, or the head of any other proper department, or by the accounting officers of the treasury, shall be deemed guilty of embezzlement thereof."

The question now presented for decision arises upon defendant's motion for a new trial. One of the grounds of the motion, and the only one which I deem it necessary to discuss, is that the verdict is unsupported by evidence. The following facts were shown upon the trial: That at the times named in the several counts of the indictment upon which the defendant has been convicted he was chief clerk of the United States mint at San Francisco; that it was his duty, as such clerk, to make sale of by-products and old materials, receive the money for which they were sold, and keep the same in his custody until the time for depositing it in the United States

subtreasury; that during all the times referred to in the indictment the following general regulation for the transaction of business in the United States mints, made by the director of the mint, and approved by the secretary of the treasury, was in force:

"All funds received from the sale of by-products and old materials, and for assays of bullion, shall be separately deposited on the last day of each quarter in the treasury of the United States, and the nature of the deposit specified in the certificate of deposit. The original certificate, together with a statement in detail of the receipts from each source, shall be forwarded to the bureau of the mint."

It was also shown that the defendant, as clerk of the United States mint at San Francisco, received moneys from the sale of by-products, and willfully failed to deposit such moneys with the assistant treasurer of the United States at San Francisco during the quarter in which they were received as charged in the indictment; that such funds were not deposited until the last day of the quarter succeeding that in which they were received, and that defendant made false entries in the books of the mint as to the date when such by-products were sold and moneys received by him. It is now urged in behalf of the defendant that his willful failure to deposit the moneys so received by him within the time fixed by the regulation above set out does not constitute an offense under section 5492 of the Revised Statutes, the contention being that, in order to bring the case within that section, it should have been proven that one of the officers named therein made a specific demand upon the defendant after the money was received by him, requiring him to make deposit thereof, and that he failed to comply with such demand. This argument is necessarily based upon the assumption that the words "when required," as they appear in the section above quoted, have the precise meaning of the words "upon demand." I do not think the statute should receive this narrow construction. In its enactment it was evidently the intention of congress to make it obligatory upon every person having in his possession money of the United States to deposit the same when required,—that is, at or within the time required by the officers named,—and, in my opinion, this requirement may be made by general rule or regulation prescribed by the secretary of the treasury or other head of the department which is charged by law with the control and disbursement of the fund to be deposited. The words "prescribe," "direct," and "order" are all synonyms of the word "require," and a general regulation of the secretary of the treasury, making it the duty of officers receiving public money to deposit the same at some stated time thereafter, is in legal effect a requirement that the money shall be so deposited at the time named in the regulation, and the willful failure to make the deposit as required by such regulation is a violation of section 5492 of the Revised Statutes. It is unlawful for an officer charged with the safe-keeping of moneys to use the same for his own private purposes (Rev. St. §§ 5490–5497); but conviction for such an offense, when the money is afterwards deposited in the treasury, is not always sure, and for this reason, and also because the failure to deposit public money within the time required by law or regulation is in most instances

due to the fact that officers in whose custody it was used such money for their own private purposes, and were not able to replace it within the time allowed for its deposit, section 5492 of the Revised Statutes was enacted, making the simple fact of the willful and intentional failure to deposit public moneys at or within the time required by the secretary of the treasury or other officers named an act of embezzlement.

The motion for a new trial is denied.